IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT STEVEN MCMINN, JR.,

            Petitioner,                              ORDER

      v.                                                  08-cv-09-jcs

CIRCUIT COURT BRANCH I, DOUGLAS COUNTY,
MICHAEL T. LUCCI d/b/a Judge and JOAN OSTY d/b/a
Clerk of Court,

           Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On February 5, 2008 I dismissed petitioner's case for his failure to submit either his filing fee or an affidavit of indigency by January 28, 2008, as he was directed to do in an order dated January 7, 2008. At that time I was not aware that petitioner had submitted a motion for leave to proceed in forma pauperis and an affidavit of indigency that were received in the clerk's office on January 31, 2008, but not docketed until February 4, 2008. Because petitioner's response to the January 7 order was timely filed, it is in the interest of justice to reopen the case for the purpose of considering petitioner's request for leave to proceed in forma pauperis.

Because petitioner is not a prisoner, he is not subject to the 1996 Prison Litigation

1

Reform Act. However, pursuant to 28 U.S.C. §1915 (a), I must determine whether petitioner qualifies financially to proceed without prepaying a filing fee. In addition, I must determine whether petitioner's allegations in the complaint, construed liberally, state an arguable basis for a claim in fact or law. Neitzke v. Williams, 490 U.S. 319 (1989).

First, I cannot determine whether petitioner qualifies financially to proceed in forma pauperis because his affidavit of indigency is incomplete. Petitioner states he does not know the amount of income he has received in the last twelve months or the amount of his monthly expenses. Also, he states that he owns his home but that he does not know its approximate value. Without this information, it is impossible to determine whether petitioner is indigent. Even if I could find petitioner is financially eligible for pauper status, however, I would have to deny his request for leave to proceed in forma pauperis, because his allegations do not support a claim in fact or law.

As an initial matter petitioner's complaint violates Fed. R. Civ. P. 8 which requires that a complaint set forth a "short and plain statement of the grounds for the court's jurisdiction . . . ; 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for the relief sought. . . ." Pursuant to Rule 8(d), "each allegation must be simple, concise and direct."

Petitioner's allegations are not simple, concise or direct. Further, it is unclear what his claim for relief is or what relief he is seeking. The best I can determine, from his 6-page

2

complaint and 209 pages of incorporated exhibits, is that he is contending that respondents Circuit Court Branch I, Douglas County, Judge Michael T. Lucci and Clerk of Court Joan Osty acted improperly in a state court case to foreclose on petitioner's property and evict him from his home.  It appears he is asking this court to overturn the state court's rulings.  However, the Rooker-Feldman doctrine forbids federal court review of state court decisions in civil actions.  Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Colunbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  If petitioner does not agree with the decisions of the state circuit court, his recourse is to file an appeal in the state court of appeals.

Petitioner also asks this court to commence criminal proceedings against the respondents, but the authority to initiate a criminal action in federal court rests solely with the United States Attorney for the district in which a federal crime is alleged to have occurred.

ORDER

IT IS ORDERED

1. Petitioner's request to reopen this case for the purpose of considering his request for leave to proceed in forma pauperis is GRANTED.

2. Petitioner Robert McMinn's request for leave to proceed in forma pauperis is DENIED and this case is DISMISSED because this court lacks the authority to review the

decisions being made in his state court case.

Entered this 14th day of March, 2008.

BY THE COURT:

_____/s/_____
BARBARA B. CRABB
District Judge

4